UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

MARK HOURANEY,

      Plaintiff,          **ORDER**
                           **08 CV 2688 (CBA)(LB)**
-against-

BURTON & ASSOCIATES, P.C. and
BERNARD BURTON,

      Defendants.

----------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

  Defendants move for reconsideration of my September 7, 2010 Report and Recommendation and plaintiff requests an extension of time to replead his claims and a copy of the trial transcripts from 04 CV 2262. Docket Entries # 74, 75. Defendants' motion for reconsideration and plaintiff's requests are denied.

  Reconsideration

  Defendants move for an order of partial reconsideration of my Report and Recommendation on the following grounds: (1) the underlying complaint "contain[ed] the same elements of damage as substantially would have appeared in a separate defamation action," (2) 30-days leave to replead "cannot possibly be fruitful" and would instead "burden to [sic] all litigants," and (3) plaintiff's request for an amended complaint was denied. Docket Entry # 74 at 1-2. Defendants also request that plaintiff be required to "post an appropriate bond or other available and suitable collateral to abide the event." Id. at 2.

  Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court may grant relief from an order where there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

1

discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied or otherwise discharged; or (6) for any other reason that justifies relief. Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994).

Defendants do not establish a basis to grant relief under Rule 60(b). Any, fault for the length of this litigation does not rest solely with plaintiff. Defendants chose to pursue discovery and file a motion for summary judgment; the arguments that were successfully made in defendants' summary judgment motion could have been made on a motion to dismiss. Defendants also failed to move against plaintiff's contract claims. Thus, leave to replead in accordance with certain limitations, see Docket Entry # 73 at 19, 25, was proper. And finally, the Court denied plaintiff's motion to add fraud claims to his complaint because plaintiff failed to meet Rule 9(b)'s heightened pleading standard, which is inapplicable to contract or malpractice claims. Accordingly, defendants' motion for reconsideration is denied.

Defendants request that the Court require plaintiff to post a bond is denied. There is no basis to require plaintiff to post a bond at this juncture in the litigation.

Extension of Time to Replead and Trial Transcript

Plaintiff requests an extension of time to replead his claims. If Judge Amon adopts my Report and Recommendation, plaintiff's 30 days to replead his claims will run from the date of that order. Therefore, plaintiff's request for an extension of time is denied as premature.

Plaintiff also requests a copy of the underlying trial transcript to cite "specific instances of defendant's malpractice." Docket Entry # 75 at 1. Plaintiff's request is denied. The Report and Recommendation recommended that plaintiff be granted leave to replead only two claims:

2

(1) a malpractice claim based on defendants' failure to plead defamation and (2) a contract claim based on a specific promise made to plaintiff, beyond defendants' implied promise to exercise professional care. Pursuant to my Report and Recommendation, plaintiff is not entitled to replead "specific instances" of any other type of malpractice and therefore the trial transcripts are irrelevant. Moreover, the only trial transcripts considered in my Report and Recommendation were included as attachments to plaintiff's complaint, and therefore, plaintiff already has them.

<u>Objections to the Report and Recommendation</u>

As the parties will not receive this order until after the time to file objections to my Report and Recommendation expires, the Court extends the deadline for objections: any objection to my Report and Recommendation shall be filed by October 12, 2010.

SO ORDERED.

/Signed by Judge Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: September 30, 2010
       Brooklyn, New York