UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARK HOURANEY, **NOT FOR PUBLICATION**
MEMORANDUM AND
ORDER
                   Plaintiff,

-against- 08-CV-2688 (CBA)(LB)

BURTON & ASSOCIATES, P.C. and
BERNARD BURTON,

                   Defendants.
-------------------------------------------------------------------x
AMON, United States District Judge:

      Plaintiff, Mark Houraney ("Houraney" or "plaintiff"), files this *pro se* diversity action under 28 U.S.C. § 1332, alleging breach of contract, negligence, and legal malpractice against his former attorneys, defendants Burton & Associates, P.C., and Bernard Burton ("defendants"). Defendants moved for summary judgment, and the Court referred this motion to Magistrate Judge Lois Bloom for a report and recommendation ("R&R"). Magistrate Judge Bloom issued an R&R recommending that the Court grant the motion and dismiss the plaintiff's claims, with 30 days leave to replead plaintiff's malpractice claim based on the defendants' alleged failure to plead a defamation claim on plaintiff's behalf in the underlying suit and any breach of contract claim based on monies Houraney personally paid to defendants or on a specific promise separate and apart from the malpractice claim.[1] Houraney filed timely objections to the R&R pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1).[2]

      The Court reviews "de novo any part of the magistrate judge's disposition that has been

---

[1] On October 8, 2010, after the issuance of the R&R, the Court received a filing from the plaintiff titled, "Repleading." The Court does not address the sufficiency of that filing in the present Order.

[2] Instead of filing objections, defendants filed a motion for reconsideration requesting that the Magistrate Judge reconsider that part of the R&R recommending that plaintiff be granted 30 days to replead the causes of action already described. The Magistrate Judge denied the motion for reconsideration in a September 30, 2010 order. To the extent the Court could construe the motion for reconsideration as objections to the R&R, the Court rejects the defendants' arguments for the reasons stated in the September 30, 2010 order.

properly objected to." Fed. R. Civ. P. 72(b); see also Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). Upon a review of the record, the Court hereby adopts the R&R as the opinion of the Court.

Houraney first objects to the Magistrate Judge's determination that he did not have standing to plead a cause of action alleging malpractice against NE Holding. Houraney argues that his right to self-representation is guaranteed; however, Houraney appears to misapprehend the finding of the R&R. Although it is true that Houraney, who is not admitted to practice law, could not represent NE Holdings on his own, see Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (per curiam), the Magistrate Judge did not hold that Houraney had no right to representation. Instead, the Magistrate Judge held that Houraney had no *standing* to pursue a claim alleging wrongs to the corporation.

Limited Liability Companies (LLCs) are distinct legal entities. If the defendants committed malpractice against NE Holdings, that is a wrong committed against the LLC, not to Houraney himself. Thus, "[u]nder New York law, 'an individual shareholder has no right to bring an action in his own name and in his own behalf for a wrong committed against the corporation, even though the particular wrong may have resulted in a deprecation or destruction of the value of his corporate stock.'" Solutia Inc. v. FMC Corp., 385 F. Supp. 2d 324, 331 (S.D.N.Y. 2005) (citing Fifty States Mgmt. Corp. v. Niagara Permanent Sav. & Loan Assoc., 58 A.D.2d 177, 179, 396 N.Y.S.2d 925, 927 (4th Dep't 1977)). The rule is applied with equal force to Limited Liability Companies (LLCs), like NE Holdings. Solutia, 385 F. Supp. 2d at 331 n.1.

Houraney argues that he has standing because the company has dissolved, citing New York Limited Liability Company Law § 703(b). That provision reads: "[u]pon dissolution of a limited

liability company, the persons winding up the limited liability company's affairs may, in the name of and for and on behalf of the limited liability company, prosecute and defend suits, whether civil, criminal or administrative . . . ." However, Houraney is not prosecuting this action in the company's name, but in his individual capacity. The Magistrate Judge was correct, therefore, in determining that Houraney does not have standing in his individual capacity to pursue a cause of action alleging malpractice against NE Holding.

Houraney next objects to the Magistrate Judge's finding that plaintiff failed to allege facts to demonstrate how defendants' alleged conduct caused the plaintiff harm. As the Magistrate Judge explained, to succeed on a legal malpractice claim under New York law, a plaintiff must "plead specific factual allegations establishing that but for counsel's deficient representation, there would have been a more favorable outcome to the underlying matter." Dweck Law Firm LLP v. Mann, 283 A.D.2d 292, 293, 727 N.Y.S.2d 58 (1st Dep't 2001).

The Magistrate Judge found that Houraney had failed to adequately plead causation. Houraney does not object to that determination, which is itself dispositive of Houraney's claim. Instead, Houraney argues that the defendants breached various cannons of legal ethics. Alleging an ethical violation, however, does not relieve plaintiff of the requirement of proving causation. Schwartz v. Olshan Grundman Frome & Rosenzweig, 302 A.D.2d 193, 199, 753 N.Y.S.2d 482 (4th Dep't 2003) ("The violation of a disciplinary rule does not, without more, generate a cause of action."); see also The William Kaufman Organization Ltd. V. Graham & James LLP, 269 A.D.2d 171, 173, 703 N.Y.S.2d 439 (1st Dep't 2000); Kyle v. Heiberger & Associates, P.C., 901 N.Y.S.2d 907 (N.Y. Sup. Ct. 2009) (explaining in claim for legal malpractice that "[w]here, as here, plaintiffs do not sufficiently allege the elements of the claim, dismissal is properly granted-even if there were allegations of ethical violations, and negligence"). Plaintiff cites to Lipton v. Boesky,

3

313 N.W.2d 163 (Mich. Ct. App. 1981); however, the Court applies New York, not Michigan law in this action.

Houraney also argues that the Magistrate Judge did not properly assess the merits of plaintiff's claim that counsel failed to adequately rebut the Town's fraudulent inducement defense against NE Holdings. As the Magistrate Judge explained, Houraney did not have standing to bring this claim in his individual capacity.

Accordingly, the Court adopts the R&R as the opinion of the Court. Defendants' motion for summary judgment is granted. Plaintiff is granted 30 days leave to replead his malpractice claim based on defendants' failure to plead a defamation claim on plaintiff's behalf in the underlying suit and any breach of contract claim based on monies he personally paid to defendants or on a specific promise separate and apart from the malpractice claim.

        SO ORDERED.

Dated:      Brooklyn, New York
             February 21, 2011        /s/ Carol Bagley Amon
                                                      _____
                                                        Carol Bagley Amon
                                                        United States District Judge