FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

MARK HOURANEY,

Plaintiff,

-against-

BURTON & ASSOCIATES, P.C. and
BERNARD BURTON,

Defendants.

-----------------------------------------------X

**REPORT AND RECOMMENDATION**
**08 CV 2688 (CBA)(LB)**

**BLOOM, United States Magistrate Judge:**

On February 22, 2011, the Court granted defendants' motion for summary judgment, but granted plaintiff limited leave to replead. Familiarity with the facts and procedural history as set forth in the Report and Recommendation dated September 7, 2010, docket entry # 73 ("Report and Recommendation"), is assumed. Plaintiff filed his amended complaint and defendants now move to dismiss the complaint, or in the alternative for summary judgment. The Honorable Carol Bagley Amon referred defendants' motion to me for a Report and Recommendation pursuant to 28 U.S.C. §636(b). For the following reasons, it is respectfully recommended that defendants' motion should be granted and that plaintiff's amended complaint should be dismissed in its entirety.

BACKGROUND

In this pro se diversity action[1], plaintiff alleges that defendants committed malpractice when they represented him in a civil rights action against the Town of Riverhead, New York ("Town"). After plaintiff filed the malpractice complaint and defendants filed an answer, the

[1] Plaintiff and defendant Burton, who is an attorney, are proceeding pro se. See Report and Recommendation at 2.

parties conducted discovery, and defendants moved for summary judgment.[2] Plaintiff's original complaint pled the following:

> The Judge was discussing throwing Mr. Houraney personally out of the case. During the argument by Mr. Burton, the Judge asked him where the charges for Slander or Libel were. Mr. Burton replied something like he did not file any. The judge warned Mr. Burton about this weak situation at the onset of the case. The Judge stated that since those charges were not filed on behalf of Mr. Houraney, that Mr. Houraney had nothing to do with the case. The Judge threw Mr. Houraney from the entire case. (Exhibit 13)

Compl. ¶ 46, docket entry # 12-3. As plaintiff is proceeding pro se, the Court liberally construed this paragraph to allege that defendants committed malpractice by failing to plead slander or libel on plaintiff's behalf. However, plaintiff's original complaint did not allege what defamatory statements were the basis for any slander or libel claim or who made the statements. Although plaintiff referenced Exhibit 13, this document was an excerpt from the 2006 trial transcript, which did not include the defamatory statements. Instead, the transcript captures a colloquy between Judge Spatt and Mr. Burton, in which Judge Spatt stated:

> The parties [] entered into the contract here with [plaintiff's business] ... What does Mr. Houraney have to do with this individually? He has no cause of action individually. He could have sued for defamation or for some other tort, perhaps. I don't think it might have been viable.

Compl. at 122. Burton tried, albeit unsuccessfully, to argue that plaintiff was injured by discrimination or arbitrary action against his company because of "the fact of ownership of that company [was] entirely in Mr. Houraney's control." Id.

After explaining the rule that plaintiff could only prevail in a legal malpractice suit if he could "demonstrate that a reasonable fact-finder could conclude that a 'reasonable fact-finder in the underlying suit would have arrived at a different result but for the attorney's negligence,'"

[2] During discovery, plaintiff moved to amend his complaint to add a claim of fraud, alleging that defendants' failure to provide an accounting for their legal fees meant they were "hiding something." Report and Recommendation dated June 19, 2009 at 6, docket entry # 54. The Court denied plaintiff's motion to amend as futile. Id.

Rubens v. Mason, 527 F.3d 252, 255 (2d Cir. 2008), I recommended that the Court dismiss this claim because plaintiff failed to plead "any facts to establish that but for defendants' failure to plead a defamation claim the 'outcome would have been different.'" Report and Recommendation at 9, 19. However, in light of plaintiff's pro se status and plaintiff's failure to allege the precise defamatory statements in the complaint (including the 134 pages of exhibits) the Court granted plaintiff leave to replead.

The Court noted that:

> Because a plaintiff must win a "case within a case" to prevail in a legal malpractice claim under New York law, it logically follows that a plaintiff pleading a malpractice claim in federal court must plead "a complaint within a complaint." In other words, the federal requirement that a plaintiff state facts that "plausibly" allege a cause of action necessarily extends to the description of the underlying claim that plaintiff alleges should have been brought.

Id. at 17 (quoting Joyce v. Thompson Wigdor & Gilly LLP, No. 06-CV-15315, 2008 WL 2329227, at * 4 (S.D.N.Y. June 3, 2008) (Gorenstein, M.J)).[3] The Court gave the following specific instructions:

> Plaintiff should identify what statements were made; who made the statements; in what context the statements were made; in whose presence the statements were made; any malicious intent, if known; any harm suffered; as well as any additional factual allegations supporting his conclusion that the adjudication of the defamation claim, had it been asserted in the underlying action, would have been in his favor.

Id. at 19.

In his amended complaint, plaintiff states that "discriminatory and slanderous statements [were made] to plaintiff" by the "Town Board" at an executive session in April 2004. Amended Compl. ¶ 2, docket entry # 83. Plaintiff then excepts portions of the complaint *drafted* by defendants and a deposition *conducted* by defendants in the underlying action tried before Judge

---

[3] The Clerk of Court shall send plaintiff and defendants the attached unreported cases cited herein.

Spatt in 2006 to identify the defamatory statements he claims defendants negligently failed to raise in that same action. First, plaintiff excerpts portions of the complaint:

> [o]n April 29th, 2004, the Riverhead Town Board held an executive session, which was not open to the public to discuss Plaintiffs' runway lease extension application and Plaintiffs' Notice of Claim served on or about November 25, 2003. At [that meeting] remarks were made by some of the defendants pertaining to Plaintiff HOURANEY's race and national ancestry. Congruent remarks were made regarding "terrorism" and "Osama bin Laden."
>
> The facts ... demonstrate a clear pattern of unequal treatment, unexplainable on grounds other than race and national origin, even if the governmental actions appear neutral on their face.

Id. ¶ 5. Then, plaintiff alleges that "Defendant Burton in the deposition of Town Attorney Dawn Thomas focused on the slanderous remarks made by the Town Attorney." Id. ¶ 6. Plaintiff attaches the portions of Dawn Thomas's ("Thomas") deposition transcript in which Thomas stated:

> I had prompted the question for him to tell the board whether he would know the names of the individuals utilizing the facility he proposed for plane storage at Calverton and his response, as I recall, was "Why do they need to know the names of who rents the space?" And my reaction was "Well, because they want to make sure that Osama Bin Laden's plane is not there," specifically referring to the security concerns we have at the facility where we don't have anyone there and the thought that unattended planes pose a security threat.

Id. at 6. Although plaintiff does not explicitly say so, the Court presumes this is the allegedly defamatory statement.

The second allegedly defamatory statement appears in a deposition transcript of Town Supervisor Philip Cardinale and a news article attached to the amended complaint. The deposition transcript reads: "I remembered [Councilman Ed Desienski ("Desienski")] referencing [plaintiff], 'You're not a terrorist, are you, Mark?' Jokingly." Id. at 13. In the newspaper article, defendant Burton states that after plaintiff outlined his business proposal and Thomas remarked that the Town "needed 'to know whether or not Osama bin Laden's plane was

stored there,'" Desienski "stared straight at my client and asked 'Are you a terrorist?'" Id. at 45.[4]

Plaintiff concludes the amended complaint with the statements "[d]efendant malpractice [sic] by not filing charges of slander and defamation against the town and those individuals who made the public comments as pointed out by the Federal Judge himself" and that "plaintiff has been greatly slandered and defamed and will never be able to acquire work in aviation and many other industries." Id. at 35.

Defendants move to dismiss on the grounds that (1) plaintiff is estopped and ratified defendants' good work on his behalf in a post-trial email thanking and complimenting defendants, (2) defendants were retained by North East Holdings and not by plaintiff, (3) mere unsubstantiated assertions are insufficient, (4) "defendants were never retained to pursue [a defamation] action nor was any requested since plaintiff chose to sue individually for deprivation of civil rights in the underlying action," (5) dissatisfaction with an attorney's strategic choices does not support a malpractice claim, and (6) plaintiff fails to show that legal malpractice was the proximate cause of his damages, the Court's ruling that plaintiff failed to plead causation is dispositive of his claim, and plaintiff submitted his amended complaint "without regard to the judicial requirements ordered by Judge Bloom." Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss at 2-4, docket entry # 97 ("Defs.' Mem. of Law").

## DISCUSSION

### I. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true and draw all reasonable

---

[4] Plaintiff attaches to the amended complaint the notice of claim filed by defendants prior to the 2004 Executive Session and a document described as a transcript of a local radio program. Town Supervisor Philip Cardinale is interviewed on the radio program, but the remarks he recounted at his deposition are not part of the interview.

inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Iqbal, 129 S. Ct. at 1950. Nonetheless, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions 'to raise the strongest arguments they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)) (other citations omitted). Finally, in deciding a motion to dismiss, the Court may consider, in addition to the complaint, documents that plaintiff attached to the pleadings, documents referenced in the complaint, documents that plaintiff relied on in bringing the action which were in plaintiff's possession or of which plaintiff had knowledge, and matters of which judicial notice may be taken. Chambers, 282 F.3d at 152-153.

II. Defendants' Motion

    A. Estoppel and Ratification

Defendants again argue that plaintiff is estopped from bringing this action and that "an unsolicited email from plaintiff in gratitude for defendant[s'] services" served to ratify defendants' actions. Defs.' Mem. of Law ¶¶1-2. For the same reasons stated in the Report and Recommendation, plaintiff is not estopped from bringing this action and the email did not ratify defendants' actions. Report and Recommendation at 13-15.

B.  Attorney Client Relationship

Defendants also repeat their argument that "Burton was retained solely to represent Northeast Holdings LLC." Defs.' Mem. of Law ¶ 8. As noted in the Report and Recommendation, defendants' representation of plaintiff in a civil rights action belies any claim that he was not defendants' client. Report and Recommendation at 10-11.

C.  Unsubstantiated Assertions

Defendants also argue "[m]ere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient to raise a triable issue of fact as a matter of law." Defs.' Mem. of Law ¶ 18. This is the standard for a motion for summary judgment. To the extent this argument is raised in the context of a motion to dismiss, this prong of the motion to dismiss should be denied.

D.  Defamation Claim

Defendants next argue that they were never retained to pursue a defamation action, plaintiff chose to sue individually for deprivation of civil rights, and attorney malpractice cannot be based on disagreements with a strategic decision. However, as noted in the Report and Recommendation, "[n]otwithstanding a lack of a retainer agreement, defendants' actions in representing plaintiff created duties towards him," plaintiff did "ask[] that the [underlying] suit include a claim based upon these highly racist remarks and whispering campaign," and an attorney's failure to plead a pendent state law claim can amount to negligence. Report and Recommendation at 16. Defendants allegation that plaintiff did not bring a defamation claim because he "chose to sue individually for deprivation of civil rights" is a disputed issue of fact that cannot be determined on a motion to dismiss. See Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. at 2 (plaintiff argues it was not his duty to request the claim and that he merely relied on defendants). Finally, as defendants do not provide the basis for why as a matter

omitting this claim was a reasonable strategic decision, this argument cannot be sustained. See Greene v. Payne, Wood & Littlejohn, 197 A.D.2d 664, 666, 602 N.Y.S.2d 883 (2d Dep't 1993) (failure to plead a pendent state law claim that would have succeeded was a question of fact that required expert testimony).

E. Causation

Defendants present a muddled argument regarding causation. They first assert that plaintiff "has not made any showing" that he would have prevailed but for the alleged negligence of his attorney. Then they state "Judge Bloom found that plaintiff failed to plead causation. Plaintiff made no objection to that determination which is dispositive of his claim." Finally, defendants argue that plaintiff filed the amended complaint "without regard to the judicial requirements ordered by Judge Bloom." Although not in the most illuminating fashion, defendants raise the critical problem in the amended complaint: plaintiff fails to plead causation.

The Second Circuit Court of Appeals, in affirming a Rule 12(b)(6) dismissal of a legal malpractice claim, reiterated that "[t]he New York Court of Appeals has made it clear that 'a cause of action for legal malpractice poses a question of law which can be determined on a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006). The Court should reject "conclusory allegations or legal conclusions masquerading as factual conclusions" and instead ascertain whether plaintiff has stated a claim for legal malpractice under New York law by alleging: "(1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." Id. (dismissing legal malpractice claim where none of the attorney's alleged failures "constituted negligence under New York law"). Id.

The original complaint was dismissed for failing to identify the allegedly defamatory statements and failing to allege that but for defendants' omission, plaintiff would have prevailed.

The Court granted leave to replead so that plaintiff could identify the statements underlying the defamation claim and allege causation. In the amended complaint, plaintiff merely attaches excerpts from the civil rights complaint and depositions, requiring the Court to again sift through documents in an effort to find the statements, and then concludes with the argument that defendants committed malpractice "as pointed out by the Federal Judge himself." However, as stated in the previous Report and Recommendation, even if plaintiff established defendants' omission, it is not enough that plaintiff was dismissed due to defendants' omission, he must allege and eventually prove that if the claim had been presented, a reasonable jury would have found in his favor on that claim. Report and Recommendation at 17.

Any allegation that plaintiff could have prevailed on his defamation claim but for defendants' alleged negligence is conspicuously absent. Moreover, defendants' failure to plead a pendent state law defamation claim could not be the proximate cause of plaintiff's harm because the statements that the Court presumes plaintiff is complaining about here were not defamatory. Thomas's statement that they needed to know the owners of the planes kept at the airport to make sure that Osama bin Laden's planes were not at the airport – considered in the context of a lengthy discussion regarding the renewal of plaintiff's runway lease – did not "target [plaintiff] as an individual" but "merely provided [the Town's] reason for maintaining a secure [facility]." Thai v. Cayre Group, Ltd., 726 F. Supp. 2d 323, 334 (S.D.N.Y. 2010). Accordingly, this claim would not have survived a motion to dismiss because the statement was not "of and concerning the plaintiff." Id. (dismissing defamation claim because telling employee she could not have a swipe card for "security reasons" could not reasonably be construed as calling *plaintiff* a security risk). Similarly, Desienski's question "Are you a terrorist?" is not an actionable defamatory statement of fact. While defamatory meaning can be "conveyed by means of a question[]," Lutz

v. Watson, 136 A.D.2d 888, 890, 525 N.Y.S.2d 80 (4th Dep't 1988), the question "must be reasonably read as an assertion of a false fact; inquiry itself, however embarrassing or unpleasant to its subject, is not accusation," Chapin v. Knight-Rider, Inc., 993 F.3d 1087, 1094 (4th Cir. 1993). The inquiry may have been an improper, perhaps " epithetic comment on [plaintiff's] supposed nationality;" but, given the context of the statement and the lack of any allegation that Desienski implied he was privy to other information, the question could not be construed by a reasonable listener to denote any "substantive assessment of [plaintiff's] character or political affiliation." Mullenmeister v. Snap-On Tools, Corp., 587 F. Supp. 868, 875 (S.D.N.Y. 1984) (dismissing libel claim where "the wholly commercial context of the drawing [in a company newsletter that depicted plaintiff wearing a swastika] would preclude a reasonable jury from construing the [illustration] to state that [plaintiff] held racist or anti-Semitic views"). See also Lucille Farm Prods., Inc. v. Dow Jones, No. 19923/83, 11 Med. L. Rptr. 2240, 2242 (Sup. Ct. N.Y. County June 3, 1985) (Dontzin, J.) (the subheadline "Another Alburg?" questioning whether plaintiff's business was associated with organized crime "makes no affirmative statement – at best it is to be construed as an opinion, or at worst a speculation"). As "there was no plausible claim that the attorney improperly failed to pursue," Joyce, 2008 WL 2328227 at * 4, defendants' actions could not as a matter of law have caused plaintiff's alleged harm.

Finally, I recommend that the Court should deny further leave to replead. Even where plaintiff is proceeding pro se, the Court need not grant further leave to amend where "plaintiff's successive pleadings remain prolix and fail to cure the deficiencies previously identified by the Court." Ercole v. LaHood, 07-CV-2049, 2011 WL 1205137, at * 15 (E.D.N.Y. Mar. 29, 2011) (Bianco, J.) (collecting cases involving pro se litigants). Plaintiff failed to cure the deficiencies identified by the Court and granting him further leave at this juncture would be futile and

prejudicial to defendants.

III.     Claims Previously Dismissed

Plaintiff reinserts claims that exceed the leave to amend that was granted. These claims were dismissed by my prior Report and Recommendation which was adopted by the Court. Plaintiff was not granted leave to raise a new negligence claim that is duplicative of his attorney malpractice claim. Although the Court permitted plaintiff to raise a breach of contract claim if he alleged a breach of a duty above the attorney-client relationship, plaintiff fails to do so in his amended complaint. Plaintiff insists that "[a]ll monies from North East Holdings came from Plaintiff's personal account since North East Holdings had no revenues and was solely owned by Plaintiff." Amended Compl. ¶ 1. Nonetheless, a shareholder's derivative pecuniary harm from wrongs done to a corporation is insufficient to establish standing to bring a breach of contract or malpractice claim. See Abrams v. Donati, 66 N.Y.2d 951, 953, 489 N.E.2d 751 (1985) (a principal of a company lacks standing to sue for wrongs to a corporation even though he "loses the value of his investment or incurs personal liability to maintain the solvency of the corporation"). Accordingly, any purported negligence or breach of contract claims in the amended complaint should be dismissed.

IV. Defendants' Motion for Summary Judgment

Defendants served plaintiff with the Local Civil Rule 12.1 Notice and both sides attach affidavits to their papers. Although the motion to dismiss need not be converted into a motion for summary judgment as the amended complaint fails to state a claim as a matter of law, the Court considers defendants' arguments for summary judgment in the alternative. The Court notes that it has already granted defendants' motion for summary judgment once, after the parties had an opportunity to conduct discovery on all of plaintiff's malpractice claims, including

plaintiff's claim that defendants negligently omitted a defamation cause of action.

A. Standard of Review

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Anderson, 477 U.S. at 248); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000); see also Baker v. Home Depot, 445 F.3d 541, 543 (2d Cir. 2006) (resolving all ambiguities and drawing all inferences in favor of the non-moving party on summary judgment).

However, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere

existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252). Here, because plaintiff is proceeding *pro se*, we read his papers "liberally and interpret them to raise the strongest arguments that they suggest." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted)).

B. Failure to Prove Causation

Defendants argue that plaintiff has failed to demonstrate that "but for" the alleged negligence, the outcome would have been different. Defs.' Mem. of Law ¶ 6. In opposition to the instant motion, plaintiff submits his own memorandum of law and affidavit along with an affidavit from Rich Wyeroski, a friend who attended the trial and knew defendant Burton. Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ J., docket entry # 102, Affidavit of Mark Houraney, docket entry # 101, Affidavit of Rich Wyeroski, docket entry # 103.

"In most legal malpractice actions, the plaintiff must introduce expert testimony in order to establish the standard of care in the legal profession and to testify as to whether the defendant's acts or omissions negligently deviated from that standard and whether such negligence was the proximate cause of any damages to plaintiff." Kranis v. Scott, 178 F. Supp. 2d 330, 334 (E.D.N.Y. 2002). "The rare exceptions to this rule are when the ordinary experience of the fact-finder provides sufficient basis for judging the adequacy of the professional service, or the attorney's conduct falls below any standard of due care." Id. (internal quotation marks omitted). Because plaintiff does not proffer expert testimony, his "malpractice claim can survive summary judgment only if a jury could reasonably conclude, on the basis of their ordinary experience, that defendant[s'] conduct was so negligent as to fall below *any* standard of

care." Hatfield v. Herz, 109 F. Supp. 2d 174, 180 (S.D.N.Y. 2000). The Court notes that "even where an attorney's performance 'may not have been optimal,' he shall be entitled to summary judgment for a plaintiff's failure to proffer 'any evidence from which a trier of fact could conclude that defendant[s'] choice was malpractice." Id.

In this case, defendants included Thomas's and Desienski's statements in the complaint, characterized the statements as "verbally abus[ive]" in an interview with at least one newspaper reporter, and then, as plaintiff's amended complaint states, "focused" on these statements during the depositions. There is no evidence from which a trier of fact could conclude that defendants' omission of a defamation claim based on these same statements fell below "any" standard of care. Cf Greene, 197 A.D.2d at 666 (expert testimony required to establish that attorney's failure to plead viable pendent state law claims was negligence).[5] Indeed, even if it were negligent, the omission did not cause plaintiff harm because the defamation claims were not viable, see *supra* at 9-10. As plaintiff fails to provide any evidence of causation, considering defendants' motion for summary judgment in the alternative, the motion should be granted.

CONCLUSION

It is respectfully recommended that defendants' motion to dismiss the amended complaint should be granted and the action should be dismissed. In the alternative, defendants' motion for summary judgment should be granted and the action should be dismissed.

---

[5] Defendants attach an interrogatory, propounded prior to their first motion for summary judgment, asking plaintiff to identify each instance of negligence. Ex. 4 to Defs.' Mot. to Dismiss. Plaintiff responded with a nearly verbatim replication of his original complaint. Docket entry # 46. Although this was responsive to the interrogatory, as noted in my previous Report and Recommendation, none of the acts or omissions alleged in his original complaint were negligent.

FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: November 21, 2011
Brooklyn, New York