FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 27 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARK HOURANEY

            Plaintiff,

    -against-

BURTON & ASSOCIATES, P.C. and BERNARD
BURTON,

            Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
08-cv-2688

AMON, Chief United States District Judge:

Pro se plaintiff Mark Houraney objects to Magistrate Judge Bloom's report and recommendation ("R&R"), issued November 21, 2011, recommending that this Court grant the defendants' motion to dismiss the plaintiff's amended complaint. For the following reasons, the Court adopts the R&R as the opinion of the Court. Accordingly, the defendants' motion to dismiss is granted.

## BACKGROUND

The Court assumes familiarity with the facts and background of this case, as set forth in the R&R. (R&R at pp. 2-5.) In short, the plaintiff brings this action for attorney malpractice against Bernard Burton and Burton & Associates, P.C. based on their representation of him in an underlying civil action.

On February 22, 2011, this Court adopted as the opinion of the Court a report and recommendation issued by Magistrate Judge Bloom on September 7, 2010, recommending that the Court grant the defendants' motion for summary judgment on the plaintiff's original complaint. The Court granted the plaintiff leave to replead two claims: (1) a claim for attorney

1

malpractice based on the defendants' failure to assert a defamation claim on the plaintiff's behalf in the underlying lawsuit; and (2) a claim for breach of contract.

On March 18, 2011, the plaintiff filed an amended complaint, and the defendants moved to dismiss that complaint for failure to state a claim. This Court referred the motion to Magistrate Bloom for a report and recommendation pursuant to 28 U.S.C. § 636(b). Magistrate Judge Bloom issued her R&R on November 21, 2011, recommending that the Court grant the defendants' motion to dismiss the amended complaint.

## DISCUSSION

The Court reviews de novo those portions of the R&R to which a party has objected, and reviews those portions not objected to for clear error. Larocco v. Jackson, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The Court "may accept, reject, or modify the recommended disposition" of the magistrate judge. Fed. R. Civ. P. 72.

### I. The plaintiff's claim for attorney malpractice

Magistrate Judge Bloom found that the plaintiff's amended complaint, like the original, fails to adequately allege a claim for attorney malpractice because the plaintiff fails to plead causation. See Rubens v. Mason, 527 F.3d 252, 255 (2d Cir. 2008) ("To establish proximate cause [in an attorney malpractice action], the client must meet a case within a case requirement and must demonstrate that a reasonable fact-finder could conclude that a reasonable fact-finder in the underlying suit would have arrived at a different result but for the attorney's negligence.") (quotation marks and citation omitted).

The plaintiff does not object to this determination. The Court has reviewed the R&R, as well as the amended complaint and the briefing submitted by the parties on the defendants' motion to dismiss, and concludes that the magistrate judge did not clearly err in reaching this

2

conclusion. As Magistrate Judge Bloom explains in the R&R, "[a]ny allegation that plaintiff could have prevailed on his defamation claim but for defendants' alleged negligence is conspicuously absent" from the amended complaint. (R&R at 9.) Nor did Magistrate Judge Bloom clearly err in concluding that the statements the plaintiff appears to complain about (which are difficult to discern from the amended complaint) were not actionable defamatory statements. (See R&R at pp. 9-10.) Accordingly, the defendants' motion to dismiss the plaintiff's malpractice claim is granted.

## II. The plaintiff's breach of contract claim

The plaintiff objects to Magistrate Judge Bloom's conclusion that the amended complaint fails to adequately allege a claim for breach of contract. The plaintiff alleged in his original complaint that he paid the defendants $35,000 for costs in the underlying lawsuit, and that the defendants failed to provide an itemization of how this money was spent. Magistrate Judge Bloom noted in her original report and recommendation that, liberally construed, these allegations might state a cause of action for breach of contract based on overbilling or padding of costs. (Dkt. No. 73 at 25.) However, because it appeared that the plaintiff's company, not the plaintiff himself, paid the defendants' retainer, Magistrate Judge Bloom concluded that the plaintiff would lack standing to assert such a claim. (Id.) In an abundance of caution, however, Magistrate Judge Bloom recommended that the plaintiff be given leave to replead a breach of contract claim based on the defendants' failure to prove an itemization of costs if he could allege that the plaintiff individually—not his company—paid the defendants. (Id.) This Court agreed and granted leave to replead.

The Court agrees with Magistrate Judge Bloom that the amended complaint fails to cure the pleading deficiencies of the original complaint. Although the amended complaint alleges that

3

"[a]ll monies for North East Holdings came from Plaintiffs personal account since North East Holdings had no revenues and was solely owned by plaintiff," the plaintiff nevertheless concedes in his amended complaint that he "paid Burton & Associates $10,000 up front *with a check from North East Holdings, LLC*." (Am. Compl. ¶ 1 (emphasis added).) Thus, the plaintiff still has not shown that he has standing to assert a breach of contract claim against the defendants based on their failure to provide him with an itemization of costs.

## CONCLUSION

The Court adopts the R&R as the opinion of the Court. The defendants' motion to dismiss is granted. Because the plaintiff has failed to cure the deficiencies expressly identified by the Court, leave to replead is denied as futile. Ercole v. LaHood, 07-cv-2049, 2011 WL 1205137, at *15 (E.D.N.Y. Mar. 29, 2011) (holding that the Court need not grant *pro se* plaintiffs leave to amend previously has been given and the plaintiff has "fail[ed] to cure the deficiencies previously identified by the Court"). The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 27, 2012

/S/
_____
Carol Bagley Amon
Chief United States District Judge